UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY D. DAVIS,<br><br>      Petitioner,<br><br> v.<br><br>PATRICK GLEBE,<br><br>      Respondent. | Case No. C15-5092 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: May 22, 2015** |

  Petitioner Anthony D. Davis challenges his 1986 convictions. Dkt. 6. Respondent contends that this Court should dismiss the petition because Mr. Davis' convictions fully expired in May of 1995 and Mr. Davis is no longer in custody pursuant to the 1986 convictions. Rather, he is challenging his fully expired 1986 convictions because they were used to enhance his 1995 conviction, by plea, of first-degree rape.

  Mr. Davis also filed a motion seeking an order directing the Respondent to provide transcripts and briefing relating to his 1986 and 1995 trial court proceedings (Dkt. 12) and a motion to supplement the record with the transcripts of his 1995 plea hearing (Dkt. 13). Mr. Davis contends that these materials are necessary for the Court to determine whether his 1986 conviction enhances his 1995 conviction and whether his 1986 conviction is currently being used

REPORT AND RECOMMENDATION - 1

to keep in him custody under the Persistent Offender Accountability Act.  Dkt. 13, p. 4.

Respondent submitted portions of the state court record.  Dkt. 16.  The undersigned has determined that no additional records are necessary for this Court's adjudication of the issues raised herein and Mr. Davis's motions should be **denied**.  The undersigned recommends **DENYING** all of the claims raised in the habeas petition.  The undersigned also recommends **DENYING** the issuance of a certificate of appealability.

## PROCEDURAL HISTORY

Mr. Davis received a standard range sentence for his 1986 crimes.  Dkt. 16, Exhibit 2 (Judgment and Sentence), *State v. Davis*, Pierce County Superior Court Cause No. 86-1-00317-9 and Exhibit 3 (Judgment and Sentence), *State v. Davis*, Pierce County Superior Court Cause No. 86-1-00317-9.  Since they were non-appealable (and Mr. Davis did not appeal) the judgment and sentences became final on the day they were filed, i.e. on November 18, 1986.

Almost twenty four (24) years after judgment and sentences became final, in June of 2010, Mr. Davis filed his personal restraint petition challenging the 1986 convictions in the state supreme court.  Dkt. 16, Exhibit 4.  The State responded.  *Id.*, Exhibit 5.  Mr. Davis replied. *Id.*, Exhibit 6.  Mr. Davis filed three motions to amend the petition.  *Id.*, Exhibits 7, 8, and 9.

The Washington Supreme Court's commissioner dismissed the petition as untimely.  *Id.*, Exhibit 10.  The court denied his motion to modify in March of 2015.  *Id.,* Exhibit 11, Order.

## DISCUSSION

**A.    Fully Expired Conviction**

Mr. Davis is in custody pursuant to his 1995 conviction, by plea, of the first-degree rape.  Dkt. 16, Exhibit 1.  Twenty-nine years after his 1986 convictions became final, he attempts to challenge them in this Court, even though they have been fully expired for the last twenty years.

REPORT AND RECOMMENDATION - 2

*Id.*, Exhibit 12 (May 15, 1995 Certificate and Order of Discharge, *State v. Davis*, Pierce County Cause No. 86-1-00317-9).  Under *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001), in a 28 U.S.C. § 2254 federal habeas corpus action Mr. Davis can only challenge the fully expired 1986 convictions on the basis of a failure to be appointed counsel in violation of the Sixth Amendment.  Mr. Davis does not make such a claim in his petition. He acknowledges that in 1986 he had an appointed attorney.  Dkt. 6 (Petition) at 2.

A habeas corpus petitioner is not "in custody" under a conviction for purposes of federal habeas jurisdiction under 28 U.S.C. § 2254 when the sentence imposed for the conviction has fully expired at the time the petition was filed. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  The collateral consequences flowing from a criminal conviction (e.g., inability to vote or to engage in certain businesses) may survive the expiration of the sentence, but the collateral consequences of a conviction are not themselves sufficient to render a petitioner "in custody" for purposes of a § 2254 challenge. *Id.*; *see also Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968).  The *Maleng* Court did not resolve the issue concerning the extent to which a § 2254 petitioner may challenge a prior conviction that enhances the sentence he is currently serving.  *Id.* at 494.

However, in *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001), the United States Supreme Court held that petitioners may not challenge the validity of a prior conviction that has now expired.

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . . If the conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04.

REPORT AND RECOMMENDATION - 3

The Court recognized one exception to this general rule: a petitioner may challenge a prior, expired conviction "on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Lackawanna*, 532 U.S. at 404. The Court recognizes an exception for cases of *Gideon* error because the failure to appoint counsel for an indigent defendant is a unique constitutional error rising to the level of a jurisdictional defect that warrants special treatment. *Id*. However, petitioners raising such challenges must also be otherwise qualified. In other words, the petitioner must still satisfy procedural prerequisites for relief such as exhaustion of remedies. *Lackawanna*, 532 U.S. at 404-05.

Under *Lackawanna*, Mr. Davis can only challenge the 1986 convictions on the basis of the denial of counsel. He does not and cannot make this claim as he acknowledges representation. Dkt. 6 (Petition), at 12. Therefore, the undersigned concludes that, under the facts in this case, Supreme Court precedent precludes Mr. Davis from challenging his fully expired 1986 convictions used to enhance his 1995 conviction.

**B.     Certificate of Appealability**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Davis not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. Mr. Davis should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends **DENYING** the petition on the merits. Petitioner's motions for disclosure (Dkt. 12) and to supplement the record (Dkt. 13) should be **DENIED.** The Court also recommends **DENYING** the issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 22, 2015**, as noted in the caption.

DATED this  4th  day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5