UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY D. DAVIS,

        Petitioner,

v.

PATRICK GLEBE,

        Respondent.

CASE NO. C15-5092 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 18), and Petitioner Anthony Davis's ("Davis") objections to the R&R (Dkt. 19).

On February 24, 2015, Davis filed a habeas petition under 28 U.S.C. § 2254. Dkt. 6. Davis challenges his fully expired 1986 convictions. Dkt. 6 at 1; Dkt. 16, Ex. 12. Davis is currently in custody for his 1995 conviction. Dkt. 16, Ex. 1. Davis's 1986 convictions were used to enhance the sentence for his 1995 conviction. *Id.* at 2.

On May 4, 2015, Judge Strombom issued the R&R recommending that the Court deny Davis's habeas petition because Supreme Court precedent precludes Davis from challenging his 1986 convictions. Dkt. 18 at 4. Judge Strombom also recommended that the Court deny Davis's motion for disclosure and motion to supplement the record. *Id.* at 2. Finally, Judge Strombom recommended that the Court deny a certificate of appealability. *Id.* at 5. On May 13, 2015, Davis filed objections. Dkt. 19.

ORDER - 1

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Judge Strombom properly concluded that Davis cannot challenge his 1986 convictions through a section 2254 petition. First, Davis may not challenge his 1986 convictions directly because he does not satisfy section 2254's "in custody" requirement. Under section 2254, a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Davis's 1986 convictions fully expired in May 1995. Dkt. 16, Ex. 12. Although Davis's 1986 convictions were used to enhance his 1995 sentence, Davis is no longer "in custody" under his 1986 convictions for the purposes of section 2254. *Maleng*, 490 U.S. at 491.

Davis also may not challenge his 1986 convictions indirectly through an attack on his enhanced 1995 sentence. Generally, a habeas petitioner may not challenge an enhanced sentence through a section 2254 petition on the ground that the prior conviction was unconstitutionally obtained. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001). The Supreme Court has recognized an exception to this general rule: a habeas petitioner may challenge an enhanced sentence "on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to

appoint counsel in violation of the Sixth Amendment . . . ." *Id.* at 404. In his habeas petition, Davis acknowledges that he was represented by counsel when he pled guilty to his 1986 convictions. Dkt. 6 at 12. Davis is therefore precluded from challenging his 1986 convictions because they were used to enhance the sentence for his 1995 conviction. *Lackawanna*, 532 U.S. at 406.

Finally, the Court agrees with Judge Strombom that Davis's motion for disclosure and motion for additional records should be denied. Respondent Patrick Glebe submitted portions of Davis's state court record. Dkt. 16. No additional records are necessary for the Court to adjudicate the issues raised in Davis's habeas petition. The Court also agrees that a certificate of appealability should not be issued to Davis.

Therefore, the Court having considered the R&R, Davis's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Davis's motion for disclosure (Dkt. 12) and motion to supplement the record (Dkt. 13) are **DENIED**;

(3) The petition is **DISMISSED**;

(4) The certificate of appealability is **DENIED**; and

(5) The Clerk shall close this case.

Dated this 7th day of July, 2015.

BENJAMIN H. SETTLE
United States District Judge